GUIDRY, Judge.
Decedent, Ezola Leday, purchased two life insurance policies with defendant, United Insurance Company of America (United). The first policy (No. UG1454564) was issued on March 5, 1987 with ultimate benefits of $2,750.00. The second policy (No. UG1460473) was issued on July 1, 1987 with ultimate benefits of $1,500.00. Plaintiff, Enola Leday, was the named beneficiary in both policies. Both of the United policies (hereafter policy) contain the following modified two year death benefit clause in bold print:
“Whole Life — Modified 2 Year Death Benefit — Death Benefit is Premiums Paid Increased at an Annual Rate of 10% During First 2 Years Ultimate Amount Payable for Death After First 2 Years Premiums Payable for Life — Non-Participating”
This language appears in each application and also on each page of the policy. According to the policy’s language, the insured must live for two years beyond the issue date for the beneficiary to receive the *1315 ultimate benefits. Ezola Leday died on September 6, 1987, approximately six months after the issuance of the first policy and two months after issuance of the second policy. In accordance with the policy language, United paid to plaintiff the premiums paid by decedent plus ten percent annual interest thereon. Plaintiff sued for $4,250.00, the total amount of ultimate benefits payable under both policies. Defendant filed a motion for summary judgment seeking dismissal of plaintiffs demand. The trial court granted summary judgment in favor of defendant and plaintiff appealed.
The material facts are without dispute. The legal issue presented is whether the clause in United’s policy which provides for a modified death benefit, if the insured dies within two years of the issue date, is valid in Louisiana.
An insurance policy is a contract and the parties may insert any provision or exclusion they desire, so long as the pojicy complies with the Insurance Code and does not violate public policy. Pareti v. Sentry Indemnity Co., 536 So.2d 417 (La.1988).
Plaintiff contends that the modified two year death benefit clause violates La. R.S. 22:170(B). The statute provides:
“B. No policy of life insurance delivered or issued for delivery in this state shall contain any provision which excludes or restricts liability for death caused in a certain specified manner or occurring while the insured has a specified status, except the following provisions, or provisions which in the opinion of the commissioner of insurance are substantially the same or more favorable to policyholders:
“Provisions excluding or restricting coverage in the event of death occurring:
“(1) As a result of war declared or undeclared under conditions specified in the policy.
“(2) While in (a) the military, naval or air forces of any country at war, declared or undeclared, or (b) any ambulance, medical, hospital or civilian noncombatant unit serving with such forces, either while serving with or within six months after termination of service in such forces or units.
“(3) As a result of self-destruction while sane or insane within two years from the date of issue of the policy.
“(4) As a result of aviation under conditions specified in the policy.
“(5) Within two years from the date of issue of the policy as a result of a specified hazardous occupation or occupations, or while the insured is residing in a specified foreign country or countries. “In the event of death as to which there is an exclusion or restriction pursuant to Paragraphs (1)(3)(4) or (5) of this Subsection, the insurer shall pay an amount not less than the reserve on the face amount of the policy, together with the reserve for any paid-up additions thereto, and any dividends standing to the credit of the policy, less any indebtedness to insurer on the policy, including interest due or accrued.
“In the event of death as to which there is an exclusion or restriction pursuant to Paragraph (2) of this Subsection, the insurer shall pay the greater of (a) the amount specified in the preceding paragraph or (b) the amount of the gross premiums charged on the policy less dividends paid in cash or used in the payment of premiums thereon and less any indebtedness to the insurer on the policy, including interest due or accrued.
“A clause in any policy of life insurance, issued under this Code, providing that such policy shall be incontestable after a specified period shall preclude only a contest of the validity of the policy, and shall not preclude the assertion at any time of defenses based upon provisions which exclude or restrict coverage as provided in this Subsection, whether or not such restrictions or exclusions are excepted in such clause; nor upon a provision regarding misstatement of age as provided in Paragraph (4) of Subsection A of this Section, whether or not such provision is excepted in such clause.
*1316 “Nothing contained herein shall apply to any provision in a life insurance policy for additional benefits in the event of death by accident or accidental means.”
We conclude that the policy language and the result which follows in accord therewith is not prohibited by the cited statute. The modified death benefits clause regulates the benefits payable according to time between issuance of the policy and the date of death. The statute cited by appellant regulates policies which “exclude or restrict liability for death caused in a certain specified manner or occurring while the insured has a specified status”. The policy sub judice does not exclude or restrict liability based on either of these factors.
Nor do we find that the clause violates public policy. The record reflects that United received approval from the Commissioner of Insurance for use of this particular form in January of 1983. The policy, as stated in its application, is designed for individuals who have difficulty in obtaining insurance because of health problems, but are otherwise able to lead normal lives. The insurance is available without a physical examination. If the insured survives for two years beyond the date of issuance of the policy, the beneficiary receives the ultimate benefits. On the other hand, if the beneficiary dies within two years of the issue date, the beneficiary receives the premiums paid plus ten percent annual interest thereon. We perceive no violation of public policy in the language which restricts the benefits payable as aforestated.
Since the policy’s provisions are clear and unambiguous and not contrary to the Insurance Code or public policy, they are enforceable. The trial court did not err in granting summary judgment dismissing plaintiff’s suit.
The judgment appealed from is affirmed at appellant’s cost.
AFFIRMED.